UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID P. ALLEN as the Administrator
of the ESTATE OF NORMAN MYERS,                                          PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14-CV-00778-CRS

UNITED STATES OF AMERICA                                                DEFENDANT

Memorandum Opinion

I. Introduction

The plaintiff, attorney David P. Allen, filed this claim as the administrator of Norman Myers' estate.  The complaint alleges medical malpractice during Myers' stay at the VA Medical Center in Louisville.  Compl. 2 – 3, ECF No. 1.

The United States moves to dismiss for failure to state a claim.  In the alternative, the United States moves for summary judgment.  For the reasons below, the Court will grant summary judgment to the United States and dismiss the claim with prejudice.

II. Procedural background

On September 20, 2012, Myers filed an administrative claim with the United States Department of Veterans Affairs.  Ex. A, ECF No. 13-2.  On April 2, 2013, the VA denied the administrative claim.  Ex. B, ECF No. 13-3.  On May 6, 2013, attorney Michael L. Einterz requested reconsideration of Myers' administrative tort claim.  Ex. C, ECF No. 13-4.  On May 9, 2014, the VA denied Myers' request for reconsideration.  Ex. E, ECF No. 13-6.  On November 20, 2014, Allen filed this claim.  Compl. 1, ECF No. 1.

III. Legal standard

Generally, a motion to dismiss for failure to state a claim is "an inappropriate vehicle for dismissing a claim based upon the statute of limitations. But, sometimes the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

If a party presents "matters outside the pleadings," the Court must treat the motion as a summary judgment motion. Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

On its face, the complaint does not identify the Federal Tort Claims Act as the plaintiff's cause of action. Additionally, the complaint does not discuss the procedural history of the plaintiff's administrative claim. The United States has presented "matters outside the pleadings" which include five exhibits attached to the motion to dismiss for failure to state a claim.

In response, the plaintiff offers a summary judgment standard. *See* Pl.s' Resp. Opp. Mot. Dismiss 2, ECF No. 15.[1] The plaintiff also presented "matters outside the pleadings" including two affidavits from attorneys Allen and Zachary J. Eichel. *See* Aff. Allen, ECF No. 15-2 & Aff. Eichel, ECF No. 15-1.

The Court will consider the United States' motion as one for summary judgment because both parties have presented matters outside the pleadings. *See* Fed. R. Civ. P. 12(d). The Court finds that both parties have had a reasonable opportunity to present all material that is pertinent to the motion because the plaintiff has argued that the summary judgment standard is appropriate, and both parties have presented exhibits for the Court to consider beyond the face of the complaint.

---

[1] The plaintiff cites *Steelvest* as the summary judgment standard. *See* Pl.'s Resp. 2 (citing *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.* 807 S.W.2d 476, 480 (Ky. 1991)). *Steelvest* is the Kentucky state court standard for summary judgment and has no bearing on this Court.

2

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

IV. <u>Federal Tort Claims Act</u>

The Federal Tort Claims Act provides:

Time for commencing action against United States

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The United States argues that the Federal Tort Claims Act forever bars a lawsuit because it was not filed within six months of when the VA mailed its notice of final denial. In a letter dated May 9, 2014, an assistant general counsel for the VA notified Einterz and Allen of the VA's final denial of Myers' claim. Def.'s Ex. E, ECF No. 13-6. The letter says,

> Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. *Such a suit must be initiated, however, within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter* (section 2401 (b), title 28, United States Code).

*Id.* (emphasis added).

Allen acknowledges that he received the notice of final denial on May 12, 2014. Pl.'s Resp. 1 – 2; Allen Aff. ¶ 4. Additionally, Eichel, an attorney in Einterz's firm, acknowledges that he received the notice of final denial on May 12, 2014. Eichel Aff. ¶ 5. Eichel says he "misread" the letter and "mis-diaried" the filing deadline as November 29, 2014. *Id.* at ¶ 6.

Given these facts, there is no genuine issue of material fact regarding whether the plaintiff missed the deadline for filing this lawsuit. The plaintiff's deadline to file this lawsuit was November 9, 2014, six months after May 9, 2014. On November 20, 2014, the plaintiff filed the lawsuit eleven days after the statutory deadline.

The plaintiff asks the Court to excuse the failure to timely file as "excusable neglect" under Federal Rule of Civil Procedure 60. Pl.'s Resp. 2.

This argument lacks merit. First, Allen, Eichel, Einterz, and Craig Bingham (whom Eichel consulted regarding the deadline) are all attorneys. Second, the Court would be hard pressed to find "excusable neglect" when the final notice gave the statute of limitations. *See* Def.'s Ex. E. Third, Rule 60 can only provide relief *after* the Court enters a final judgment.

Under the Federal Tort Claims Act, a lawsuit that is not filed within six months after the mailing date "shall be forever barred." 28 U.S.C. § 2401(b). The Federal Tort Claims Act forever bars this claim. The United States is entitled to judgment as a matter of law.

V. Conclusion

The Court will grant summary judgment to the United States. The Court will dismiss this claim with prejudice.

The Court will enter an order in accordance with this opinion.

February 11, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

4